IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY T. WRIGHT, SR.,

        Petitioner,

vs.                                              CIVIL NO. 99-278 LH/LFG

CAMILIO ROMERO, Warden, Roswell
Correctional Center; and ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding brought by Petitioner Anthony T. Wright, Sr. ("Wright"). On March 8, 1999, Wright filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 1]. Thereafter, on April 29, 1999, Wright filed what he captioned an "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 5]. It is undisputed that Wright is in state custody pursuant to a second order revoking probation, judgment and sentence, No. CR-95-81. (Answer, Ex. A, and Judgment and Sentence, CR 95-81, Ex. A1).

2. Accordingly, the Court recommends dismissal of Wright's initial motion to vacate, set aside

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

or correct sentence by a person in federal custody. The Court will consider only Wright's amended request for a petition for writ of habeas corpus.

3. Wright's petition contends: (1) that the state court ordered him to live in a halfway house as a condition of his probation; (2) that his sentence was illegally increased; and, (3) that the State failed to include mitigation language at the sentencing

4. Claims one and three do not raise constitutional issues and are not cognizable in federal habeas corpus proceedings. Respondents state that Wright procedurally defaulted claim two.

5. Following the revocation of his probation and imposition of sentence, Wright took a direct appeal to New Mexico's intermediate appellate court. (See Answer, Ex. K). In his appeal, he contended that he was improperly denied appropriate credits. He specifically raised his claim of entitlement to thirty-two months and six days credit. (Id. "Issues Raised On Appeal: Whether the District Court applied the right amount of credit to Defendant's six-year sentence.").

6. The New Mexico Court of Appeals rejected Wright's argument and found that he was given proper credit against his sentence. (Answer, Ex. M). Following the issuance of the Court of Appeals' decision, Wright had twenty days within which to petition the State Supreme Court for a writ of certiorari. N.M.R.A. 1999, Rule 12-502(B). Wright failed to seek further review and the time for doing so elapsed. Id.

7. Thereafter, Wright claims he attempted to file a state habeas corpus petition, but contends it was filed in the wrong court. Respondents assert that a review of state district court records shows no petition for writ of habeas corpus was filed in the state court. (Answer, p. 2). Federal court records show that Wright filed a document labeled "Petition for Writ of Habeas Corpus" with the United States District Court. It was captioned "In the District Court, County of Otero, State of New

Mexico" and the District Judge ordered that the case be transferred to the New Mexico Twelfth District. Wright v. Snedeker, No. CIV 98-1213, Docket No. 5, Order for Transfer, Oct. 29, 1998.

8. Wright then filed a Motion to Vacate, Set Aside or Correct an Illegal Sentence by Person in Custody in state district court. (Answer, Ex. P). In this motion, Wright again claimed that he was not given proper credits and also raised, as a new issue, that his sentence was illegally increased. This motion was treated as a petition for writ of habeas corpus and following consideration on the merits, the state court denied the request on December 21, 1998. (Answer, Ex. Q). Wright had thirty days within which to seek a writ of certiorari from the New Mexico Supreme Court. N.M.R.A. 1999, Rule 12-501(B). Again, Wright failed to seek further appellate review of the denial of this petition. The time for seeking a writ of certiorari elapsed. Id.

9. The procedural default doctrine bars the review of claims not previously raised in state courts. Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S. Ct. 1715 (1992). The exceptions to the procedural default rule are few. They include: (1) a state's waiver of reliance on default; (2) petitioner's demonstration that waiver is excusable because there is "cause for" and "prejudice from" the failure to present evidence in state court; and, (3) petitioner's demonstration of "fundamental miscarriage of justice" because of a probability of actual innocence. Keeney v. Tamayo-Reyes; see also Maes v. Thomas, 46 F.3d 979 (10th Cir. 1995).

10. In this case, Wright failed to exhaust his claim in the state court when he failed to seek a writ of certiorari from the state court's denial of his petition for writ of habeas corpus. Wright's claim that his sentence was illegally increased, the only issue cognizable in this federal habeas proceeding, was raised in the state district court in post-conviction proceedings. The state court treated Wright's request as a habeas petition and denied relief. Wright thereafter failed to petition

3

for certiorari to the New Mexico Supreme Court. Failure to seek review of the denial of a state petition for habeas corpus constitutes procedural default, notwithstanding the discretionary nature of certiorari review. <u>Ballinger v. Kerby</u>, 3 F.3d 1371, 1374 (10th Cir. 1993); <u>Watson v. New Mexico</u>, 45 F.3d 385 (10th Cir. 1995).

11. There is no showing that the state waived reliance on default. To the contrary, by its answer, the state specifically raised procedural default. Additionally, Wright failed to present any evidence, and the Court cannot find, that Wright's failure to pursue available relief in the state court was excusable. There is no showing of excusable cause or prejudice. <u>Maes v. Thomas</u>.

12. Finally, Wright fails to demonstrate any fundamental miscarriage of justice.

## Recommended Disposition

Based on the foregoing, the Court recommends that Respondents' motion to dismiss be granted and that Wright's March 8, 1999 and April 29, 1999 petitions for writ of habeas corpus be denied and that the action be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
Anthony T. Wright, Sr., pro se

FOR RESPONDENTS:
Elizabeth Major Blaisdell, Esq.